**The below described is SIGNED.**

**Dated: August 22, 2006**

*William J. Thurman*

**WILLIAM T. THURMAN**
**U.S. Bankruptcy Judge**

_____

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| In re: | |
| **Mark Armstrong Clemens** | Bankruptcy Number 06-20124 |
| Debtor. | Chapter 7 |

**MEMORANDUM DECISION REGARDING CHAPTER 7 TRUSTEE'S REQUEST FOR FEES**

The matter before the Court is the chapter 7 Trustee's Final Report. The Trustee argues that the Court need not consider the reasonableness of the fees requested in this case because recent changes to the Bankruptcy Code under the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (the "BAPCPA") entitle him to a statutory commission.[1] As this is an issue of first impression, the Court elects to issue this Memorandum Decision. The Court concludes that it must still consider the reasonableness of chapter 7 Trustee's fees to determine a 'reasonable compensation.'

---

[1] The Court notes that the record is unclear whether the Trustee is arguing that the Court need not consider the reasonableness of his fees, or whether the Trustee argues that reasonableness is determined solely by his statutory commission. This distinction is one of semantics, as either argument would lead to the same result.

**I.     BACKGROUND**

The Debtor commenced this chapter 7 case on January 18, 2006. Joel Marker was appointed the chapter 7 Trustee in this case. The principal asset in this estate was the Debtor's home located in Salt Lake City, Utah. The home was encumbered by a mortgage held by Chase Home Finance for approximately $126,700, and the Debtor claimed a homestead exemption of $20,000. On March 1, 2006, the Trustee filed a Motion to Sell the Debtor's home, and on March 3, 2006, the Court granted the Trustee's Motion to Employ ReMax Associates as his real estate broker in connection with the Motion to Sell. On March 22, 2006, the Court granted the Motion to Sell, and the home was thereafter sold for $185,000. From the sale proceeds the Trustee paid a real estate sales commission to ReMax Associates of approximately $11,100, satisfied the mortgage interest in the home, paid property taxes and closing costs owing, and paid the Debtor his claimed homestead exemption of $20,000, leaving $23,437.54 for further distribution.

Only two unsecured creditors filed proofs of claim in this case. The Trustee proposes to pay a total of $11,771.88 to those creditors, returning approximately 38% to unsecured creditors in this case. On June 29, 2006, the Trustee filed a Chapter 7 Asset Report and Final Report, requesting chapter 7 Trustee's fees and costs of $11,665.66. The Trustee's request for fees is based on a formula derived from 11 U.S.C. § 326.[2] At the hearing on the Trustee's Final Report, the Trustee argued that recent amendments to the Bankruptcy Code under the BAPCPA require the Court to allow chapter 7 Trustees a commission computed according to the formula in § 326(a). The Trustee argued that the Court need not consider the several components of reasonableness under § 330 but should determine reasonableness solely under § 326. Because

---

[2]All code references hereinafter are to the U.S. Bankruptcy Code, unless stated otherwise.

the Trustee's position is a matter of first impression under the BAPCPA and would constitute a variation from the precedent set by the Tenth Circuit Court of Appeals ("the Tenth Circuit"), this Court elects to issue this Memorandum Decision.

## II.     JURISDICTION AND VENUE

The Court has jurisdiction over this case under 28 U.S.C. §§ 157(b)(2)(O) and 1334(a). Venue is appropriate under 28 U.S.C. § 1408(1).

## III.    ANALYSIS

### A.     Pre-BAPCPA Law and <u>Miniscribe</u>

The Court has authority to award fees and costs to a chapter 7 Trustee under §§ 503(b)(2), 326 and 330. Section 326(a) states "[i]n a case under chapter 7 or 11, the court may allow reasonable compensation under section 330 of this title of the trustee for the trustee's services, payable after the trustee renders such services . . ." Section 326 goes on to outline a specific computation for determining the maximum amount for a chapter 7 or 11 trustee's fees. This section was left untouched by the BAPCPA.

Before the BAPCPA, § 330(a) stated in relevant part:

(a)  (1)  After notice to the parties in interest and the United States trustee and a hearing, and subject to sections 326, 328, and 329, the court may award to a trustee, an examiner, a professional person employed under 327 or 1103—

   (A)  reasonable compensation for actual, necessary services rendered by the trustee, examiner, professional person, or attorney and by any paraprofessional person employed by any such person; and

   (B)  reimbursement for actual, necessary expenses.

(2)  The court may, on its own motion or on the motion of the United States Trustee . . . award compensation that is less than the amount of compensation that is requested.

3

    (3)    (A)    In determining the amount of reasonable compensation to be awarded, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including —

    [. . .]

    (4)    (A)    Except as provided in subparagraph (B), the court shall not allow compensation for—
        (i)    unnecessary duplication of services; or
        (ii)    services that were not—
            (I)    reasonably likely to benefit the debtor's estate; or
            (II)    necessary to the administration of the case.

The Tenth Circuit interpreted the interplay between §§ 326 and 330 for purposes of chapter 7 Trustees fees in In re Miniscribe Corporation.[3] The Miniscribe Court held that whereas § 326(a) sets a maximum amount allowable for trustees fees, "it does not establish a presumptive or minimum compensation."[4] The Court based its reasoning on the language in § 326(a) which allows a court to award "reasonable compensation."[5]

The Miniscribe Court held that "the cap of section 326(a) is implicated only when the compensation is reasonable, and reasonableness is a determination that must begin with 11 U.S.C. § 330. Accordingly, a court awarding trustee fees must begin by assessing reasonableness under § 330(a) before applying the percentage-based cap under § 326(a)."[6] The Miniscribe Court adopted the so-called "Lodestar" approach for determining whether proposed

---

[3] 309 F.3d 1234 (2002).

[4] Id. at 1241.

[5] Id.

[6] Id.

4

attorneys fees are reasonable.[7] The Tenth Circuit has generally adopted this approach for awarding attorneys fees in a multitude of situations, including Bankruptcy cases.[8]

Under Miniscribe's adapted Lodestar approach for attorneys fees awarded under § 330(a)(1), pre-BAPCPA courts were required to consider the Lodestar factors plus the factors specifically mentioned in § 330(a)(3).[9] This meant little in practical application because the Lodestar factors effectively encompass the considerations required by § 330(a)(3).[10]

### B.  Changes to § 330 under the BAPCPA

Through the BAPCPA, Congress altered § 330(a)(3), which now reads:

> In determining the amount of reasonable compensation to be awarded *to an examiner, trustee under chapter 11, or professional person,* the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including . . .[11]

In addition, Congress added a new subsection to § 330(a) which dovetails with the changes made to § 330(a)(3). New § 330(a)(7) states "[i]n determining the amount of reasonable compensation

---

[7]Id. at 1243-44 (citing Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974)). The Lodestar analysis requires consideration of the following: 1) the time and labor involved; 2) the novelty and difficulty of the questions; 3) the skill requisite to perform the legal service properly; 4) the preclusion of other employment by the attorney due to acceptance of the case; 5) the customary fee; 6) the contingent nature of the fee; 7) time limitations imposed by the client or other circumstances; 8) the amount involved and the results obtained; 9) the experience, reputation, and ability of the attorneys; 10) the 'undesirability' of the case; and 11) awards in similar cases.

[8]Miniscribe, 309 F.3d at 1244 ("This court has long applied the *Johnson* lodestar factors to assess 'reasonableness' of attorney's fees in a variety of contexts, however, and has also specifically determined that the test applies to attorney fee determinations under § 330(a)(1)." (citations omitted)).

[9]In re Commercial Financial Services, Inc., 427 F.3d 804, 811 (10th Cir. 2005).

[10] In re Vista Foods, USA, Inc., 234 B.R. 121, 128 (Bankr. W.D. Okla. 1999).

[11]Emphasis added.

to be awarded to a trustee, the court shall treat such compensation as a commission, based on section 326." The Trustee argues that these changes effectively overrule Miniscribe, and allow the Court to award chapter 7 Trustee fees without consideration of the Lodestar approach. The Trustee argues that reasonableness is now determined solely by § 326. This argument poses an issue requiring the Court to engage in statutory interpretation.

1. Plain Language: Miniscribe is Still Good Law

The Court's initial obligation in interpreting the Bankruptcy Code is to begin with the language of the Code itself, giving meaning to the plain language.[12] The Court's inquiry should usually end with the clear language of the Code unless that interpretation is contrary to legislative intent or that interpretation would produce an absurd result.[13]

The Court believes the language of § 330(a), as amended by the BAPCPA, is clear on its face. The Court must still determine the reasonableness of chapter 7 Trustee fees, but its inquiry should now include a consideration of the provisions in § 326.

Section 330(a)(1) still requires the Court to award only "reasonable compensation" to a chapter 7 or 11 Trustee. Congress did not amend this subsection through the BAPCPA. That fact is important because pre-BAPCPA case law made clear that this subsection was the source for the Court's authority and duty to independently review the reasonableness of trustees fees.[14]

---

[12]United States v. Ron Pair Enterprises, Inc., 489 U.S. 235, 241 (1989).

[13]In re Jass, 340 B.R. 411, 415 (citing Ron Pair Enterprises, Inc, 489 U.S. 235; Pioneer Investment Svcs v. Brunswick Assoc. Ltd. P'ship, 507 U.S. 380 (1993); Griffin v. Oceanic Contractors, Inc., 458 U.S. 564 (1982); Lamie v. United States Trustee, 540 U.S. 526 (2004)).

[14]In re Commercial Financial Svcs, Inc., 427 F.3d 804, 810 (10th Cir. 2005); In re Lederman Enterprises, Inc., 997 F.2d 1321, 1323 (10th Cir. 1993)("Section 330 of the Code gives the bankruptcy court discretion to award a reasonable fee for 'actual necessary services.' 11 U.S.C. § 330(a)(1).").

6

The Lodestar approach adopted by Miniscribe was based on the Court's authority and duty to determine reasonableness under § 330(a)(1)(A).[15]  Because Congress did not alter this provision, the Court concludes that Miniscribe is still good law.   Additionally and as the Court discusses below, the Miniscribe analysis must also be supplemented with a simultaneous consideration of the provisions of § 326.

Pre-BAPCPA courts interpreted § 330(a)(1) to require the court to apply a Lodestar approach to trustees fees.  Pre-BAPCPA courts acknowledged that although the Lodestar approach requires consideration for numerous factors, § 330(a)(3) also provides its own list of factors to be considered in awarding fees.[16]  Courts did not forego the application of the Lodestar approach in lieu of the factors discussed in § 330(a)(3).  Rather, they held that the Lodestar factors should *supplement* the factors discussed by § 330(a)(3).[17]  Thus, before the BAPCPA, the court's review of trustees fees found considerations based in § 330(a)(1)(A) (the Lodestar factors), and also found considerations based in § 330(a)(3).[18]  That there were two sets of considerations tended to make little difference in pre-BAPCPA analysis because the Lodestar approach considered factors which overlapped with the considerations required by § 330(a)(3).[19]

The dichotomy between these two sets of factors becomes important only in light of the BAPCPA.  Although chapter 7 Trustees are no longer subject to the statutory considerations

---

[15]Id.

[16]Commercial, 427 F.3d at 811.

[17]Vista Foods, 234 B.R. at 128.

[18]Id.

[19]In re Marlar, 315 B.R. 81, 84 (Bankr. W.D. Ark. 2004) ("Although stated differently, these criteria [Lodestar factors] are similar to the factors enumerated by the statute.")

under § 330(a)(3), they are still subject to the reasonableness inquiry under § 330(a)(1) (the Lodestar factors).[20]

## 2. The Impact of Section 330(a)(7):

The chapter 7 Trustee points to § 330(a)(7), arguing that this addition to the Code requires the Court to treat his fees as reasonable, so long as the fees are calculated pursuant to § 326. Section 330(a)(7), added to the Code through the BAPCPA, states: "In determining the amount of reasonable compensation to be awarded to a trustee, the court shall treat such compensation as a commission, based on section 326."

Read literally, § 330(a)(7) adds little to the inquiry required by § 330(a). The subsection begins by referring to the Court's determination of "the amount of *reasonable compensation* to be awarded to the trustee."[21] As discussed above 'reasonable compensation' is a subjective amount which requires the court's review under § 330(a)(1) and the Lodestar approach. Thus, it means very little to call this compensation a 'commission.' The Court still needs to determine the amount of that 'commission' and should do so by applying the Lodestar approach for deciding reasonableness.

The only significant portion of § 330(a)(7) seems to be the last four words: "based on

---

[20]The Court notes that because the Lodestar factors conceptually overlap with the factors discussed by § 330(a)(3), the recent amendments to § 330(a)(3) will likely have little effect on the Court's review of chapter 7 Trustee's fees. Nevertheless, the Court's sole obligation is to apply the Code as Congress writes it. "If Congress enacted into law something different from what it intended, then it should amend the statute to conform it to its intent. 'It is beyond our province to rescue Congress from its drafting errors, and to provide for what we might think is the preferred result.' Lamie v. U.S. Trustee, 540 U.S. 526 (2004) (quoting United States v. Granderson, 511 U.S. 39, 68 (1994).

[21]Emphasis added.

8

section 326." Section 326(a) provides a mathematical calculation based on the amounts disbursed or turned over by a chapter 7 or chapter 11 Trustee. It provides that a court's award of "reasonable compensation under section 330" may not exceed this number (the "statutory cap"). Before the BAPCPA, courts would generally determine the amount of a trustee's "reasonable compensation" under § 330(a) and then ask if such "reasonable compensation" was greater than the statutory cap decided by § 326(a). If that compensation was above the statutory cap, the trustee could only be awarded the amount calculated under § 326. The provisions of § 326 were not a part of the Court's Lodestar analysis, nor were they a part of the Court's analysis under § 330(a)(3).

A literal reading of § 330(a)(7) instructs the Court to consider the provisions of § 326 "[i]n determining the amount of reasonable compensation to be awarded to a trustee." Thus, the plain meaning of § 330(a)(7) requires the Court to consider the provisions of § 326 *as a part of* its reasonableness inquiry. In essence, the addition of § 330(a)(7) to the Code serves to now supplement the Court's Lodestar analysis.[22]

The Court is aware that its holding may mean that the terms of § 330(a)(7) have a small impact on pre-BAPCPA practice in awarding Trustees fees. To some extent this might conflict with the general rule of statutory interpretation that a Court should avoid surplusage. Nevertheless, the Supreme Court has made clear that the Court's primary duty must be to honor

---

[22]Section 326 contains more than the statutory cap provided by § 326(a). Section 326(d) states that the court may deny compensation or reimbursement to a trustee who "failed to make diligent inquiry into facts" which suggests that the trustee or the trustee's professional person is not a disinterested person. As with the statutory cap under § 326(a), the Court must also consider the limitations of § 326(d) in determining whether requested fees are reasonable.

9

the plain meaning of the Code.[23] The Court should only attempt to avoid surplusage where the plain meaning of the Code is not apparent.[24] The Court concludes that the meaning of § 330(a)(7) is plain, both on its face and when read in conjunction with §§ 330(a)(1) and (a)(3).

At the same time, it is also important to note that the Court's holding does have an impact on its analysis of Trustees fees under § 330(a). Consider a Trustee who presents an itemization of fees which supports an award far less than the statutory cap under § 326(a). Under pre-BAPCPA law, the Court would have determined the amount of the Trustee's reasonable fee, and then asked whether that amount was prohibited by the statutory cap under § 326(a). Under the Court's holding in this case, however, the Court must now determine reasonableness with an eye on the statutory cap. Thus, the Court might easily conclude that although the Trustee's itemization supports a much lower award, the Trustee is entitled to a higher amount in light of its consideration for § 326(a) as part of its reasonableness determination. To this extent, the Court believes its interpretation of the recent changes to § 330(a)(7) does recognize a change to the Bankruptcy Code.

---

[23]Lamie v. U.S. Trustee, 540 U.S. 526, 536 (2004).

[24]Id. ("Surplusage does not always produce ambiguity and our preference for avoiding surplusage constructions is not absolute.").

3. Resulting Interpretation

In sum, the Court concludes that the plain language of § 330(a) still requires the Court to consider the reasonableness of a trustee's compensation. The Court must still apply the Lodestar analysis in reviewing chapter 7 trustee compensation but must now supplement that analysis with a consideration for the provisions of § 326. For purposes of clarity, the Court will lay out the factors it will consider in reviewing trustees fees:

1) The time and labor required;
2) The novelty and difficulty of the issues involved;
3) The skill requisite to perform the service properly;
4) The preclusion of other employment by the trustee due to his or her acceptance of the appointment as trustee in the case;
5) The customary charges by other professionals involved in the case and by the field in general;
6) The contingent nature of the fee;
7) Time limitations imposed by acceptance of the appointment;
8) The amount generated by the trustee's efforts for creditors and the results obtained;
9) The experience, reputation, and ability of the trustee;
10) The 'undesirability' of the case;
11) Awards in similar cases;
12) Computation of any multiplier for extraordinary results obtained by the trustee;
13) *The amount resulting from the calculations under § 326(a);
14) *Whether the trustee has engaged in conduct which might justify denial of compensation under § 326(d);[25]
15) **Whether notice of the trustee's fee request is appropriate, and whether any party in interest objects to the fees. Included here is whether there is any input from the U.S. Trustee;
16) **Whether the fees are to be paid from cash collateral and whether the creditor secured by the collateral consents.[26]

As with pre-BAPCPA law, the Court's Lodestar analysis need not give each of these factors

---

[25]The factors with an asterisk are new to the Court's Lodestar analysis in light of this decision.

[26]The factors with a double asterisk are not generally cited as Lodestar factors, but the Court often considers them as part of its totality of the circumstances analysis.

equal weight.[27] The Court should approach each fee request differently and may be persuaded to give more weight to some factors depending on the facts of each case.[28]

### C. Alternative Interpretation

The Court believes it prudent to explore the impact of adopting the opposing interpretation. The chapter 7 Trustee in this case argues that the combined effect of the recent changes to §§ 330(a)(3) and (a)(7) is to allow Trustees fees based solely on the calculation under § 326. Under this interpretation, the statutory cap is a 'commission' to which any chapter 7 trustee is entitled, regardless of the amount of work the trustee completes in a case. The Court disagrees.

First, this interpretation would ignore the clear language of § 330(a)(1). Section 330(a)(1)(A) requires the Court to award only "reasonable compensation for actual, necessary services rendered by the trustee. . ." Likewise, § 330(a)(2) states that the court may award a trustee less compensation than requested. These subsections apply equally to both chapter 7 Trustees and chapter 11 Trustees. If the Court were to adopt the Trustee's interpretation of § 330(a)(7), it would have to award chapter 7 Trustees fees without ever determining whether those fees are based on "actual, necessary services."

Second, the Trustee's interpretation would create inconsistencies even within the provisions added to § 330(a) by the BAPCPA. As the Trustee points out, the BAPCPA amended

---

[27]Johnson v. Georgia Highway Exp., Inc., 488 F.2d 714, 720 (5th Cir. 1974) ("The guidelines contained herein are merely an attempt to assist in this balancing process.").

[28]In re Commercial Financial Services, Inc., 298 B.R. 733, n. 40 (10th Cir. BAP 2003) *aff'd*, 427 F.3d 804 (10th Cir. 2005) ("Of course, while, as discussed below, there exist objective criteria for determining 'reasonableness,' ultimately this standard is subjective in nature.").

§ 330(a)(3) to apply its reasonableness factors only to examiners, chapter 11 Trustees, and professional persons. That said, the Trustee points to the word "commission" in § 330(a)(7) to argue that chapter 7 Trustees are entitled to the statutory cap calculated under § 326(a), without any other consideration by the Court. But § 330(a)(7) is not specifically limited to chapter 7 Trustees. It applies to all trustees, whether they are administering chapter 7 or chapter 11 cases. If the Court adopted the Trustee's interpretation of § 330(a)(7), it would also have to ignore the BAPCPA's changes to § 330(a)(3), specifically imposing that provision to fees requested by chapter 11 Trustees.

For these reasons, the Court rejects the Trustee's interpretation of § 330(a). The Court believes that the language of this provision is clear, requiring the Court to determine the reasonableness of chapter 7 Trustee fees under the Lodestar analysis, while also considering the requirements of § 326.

**D.     Application to the Trustee's Request for Fees**

The chapter 7 Trustee in this case has filed a Final Report plus an itemization of expenses and a computation of compensation under § 326(a), without a fee application attached. The Trustee has not filed any documentation discussing the hours he spent working on this case, or the hourly rates charged. Without this documentation, the Court cannot fully determine the amount of a reasonable compensation in this case.

The Trustee argues that the statutory cap in this case ($11,631.76) is reasonable in light of the notice given to creditors and the U.S. Trustee's office, the lack of any objection, and the comparable amounts paid to the real estate broker and the total amount to be shared by the two unsecured creditors in this case. Whereas the amounts paid to the broker and to unsecured

creditors may be factors to consider in the Court's Lodestar analysis, they are not completely dispositive of the Court's inquiry. However, the Court cannot properly conclude its Lodestar analysis without considering documentation showing the hours spent by the Trustee in this case, an explanation for those hours, and the hourly rates charged. It may be that the Trustee will be entitled to the full $11,631.76 requested, even if his itemization of services performed supports less compensation. The Lodestar analysis discussed above is, after all, a totality of the circumstances analysis. But without that itemization, the Court cannot award the fees as prayed.

## V.   CONCLUSION

The Court will deny the Trustee's request for fees *without prejudice*. A separate order accompanies this Memorandum Decision.

_____End of Document_____

Service of the foregoing **MEMORANDUM DECISION REGARDING CHAPTER 7 TRUSTEE'S REQUEST FOR FEES** will be effected through the Bankruptcy Noticing Center to each party listed below.

Joel Marker
McKay Burton & Thurman
170 South Main Street, Suite 800
Salt Lake City, UT 84101

United States Trustee
Ken Garff Building
405 South Main Street, Suite 300
Salt Lake City, UT 84111